VENABLE LLP
Witt W. Chang (SB281721)
wchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.229.9900

Nicholas M. DePalma
(*subject to admission pro hac vice*)
nmdepalma@venable.com
Kevin W. Weigand
(*subject to admission pro hac vice*)
kwweigand@venable.com
8010 Towers Crescent Drive, Suite 300
Tysons, VA 22182
Telephone: 703.760.1600
Facsimile: 703.821.8949

Linda J. Zirkelbach
(*subject to admission pro hac vice*)
ljzirkelbach@venable.com
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: 202.344.4410
Facsimile: 202.344.8300

Attorneys for MicroStrategy Services Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICROSTRATEGY SERVICES CORPORATION, a Delaware Corporation;<br><br>Plaintiff,<br><br>v.<br><br>HERBALIFE INTERNATIONAL OF AMERICA INC., a Nevada Corporation,<br><br>Defendant. | Case No. 2:22-cv-4373<br><br>**PLAINTIFF MICROSTRATEGY SERVICES CORPORATION'S COMPLAINT**<br><br>**[REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL]**<br><br>**DEMAND FOR JURY TRIAL** |

# PLAINTIFF MICROSTRATEGY SERVICES CORPORATION'S COMPLAINT

Plaintiff MicroStrategy Services Corporation ("MicroStrategy"), by counsel, brings this Complaint for breach of contract against Herbalife International of America Inc. ("Herbalife"):

## I. INTRODUCTION

1. This action arises from Herbalife's breach of a Master Software License Agreement ("SLA") executed on June 17, 2005 and a related Sales Order dated June 13, 2019 (the "Governing Agreements").

2. The SLA grants Herbalife a limited license to permit its Named Users access to MicroStrategy Products—including reports or messages generated by the Products—for Herbalife's Internal Business Use. SLA Cl. 1.1, 12.15 (definition of "Internal Business Use"), and 12.18 (definition of "Named User").

3. A Named User must be an "identified employee" of Herbalife, designated using a method that incorporates the individual employee's name. SLA Cl. 12.18.

4. The SLA also grants MicroStrategy the right to conduct an on-premises audit of Herbalife's use of MicroStrategy Products on ten (10) days' advance written notice once per year. SLA Cl. 10.2. In turn, Herbalife "shall cooperate with MicroStrategy with respect to any such audit." SLA Cl. 10.2.

5. [REDACTED]

   a. [REDACTED]



6. MicroStrategy brings this action to ascertain the extent of Herbalife's violations of the Governing Agreements and to obtain compensation due under the Governing Agreements and other relief.

## II. PARTIES

7. Plaintiff MicroStrategy Services Corporation is a Delaware corporation with its principal place of business at 1850 Towers Crescent Plaza, Tysons, Virginia 22182.

8. Defendant Herbalife International of America Inc. is a Nevada corporation with its principal place of business at 800 West Olympic Blvd., Suite 406, Los Angeles, California 90015.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1332 because MicroStrategy and Herbalife are citizens of different states and the amount in controversy exceeds $75,000.

10. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1) and (2) because Herbalife resides in this District and a substantial part of the events or omissions giving rise to the claim occurred here.

### IV. FACTUAL ALLEGATIONS

#### A. MicroStrategy's products

11. Founded in 1989, MicroStrategy is a provider of enterprise software. Its mission is to help organizations become Intelligent Enterprises by providing powerful software solutions and expert services that empower every individual with actionable intelligence, so they can unleash the full potential of their people and investments. MicroStrategy partners with over 4,000 customers from a range of industries, as well as the public sector.

12. MicroStrategy has invested tremendous resources into the development and maintenance of its software products. Unlike other vendors, all its technology has been built almost entirely organically, so every piece of the MicroStrategy ecosystem fits together seamlessly.

13. In all events, licensees that wish to license MicroStrategy products and/or Output, including for use or access by users external to the licensee and/or for external use, must specifically contract with MicroStrategy for those rights and must purchase the appropriate licenses for each such user.

#### B. Herbalife's business

14. Herbalife is a global marketing corporation that develops and sells dietary supplements.

15. Upon information and belief, Herbalife has 3 to 4 million distributors throughout the world.

### C. **Herbalife licenses MicroStrategy's products under the Governing Agreements**

16. Herbalife licensed MicroStrategy's computer software products under the SLA executed on or about June 17, 2005.

17. Herbalife later executed several sales orders with MicroStrategy including, but not limited to, the Sales Order dated June 13, 2019.

18. This sales order is governed by the SLA and set forth, among other details, the MicroStrategy products, services, license types, and quantities licensed by Herbalife.

19. Herbalife has purchased only a limited quantity of Product licenses all on a Named User basis.

20. Herbalife did not license any Products and/or Output for access by users external to Herbalife and/or for external use.

### D. **Herbalife breaches the Governing Agreements**

21. Clause 1.1 of the SLA restricts the use of and access to the Products and reports or messages generated by the Products to "Named Users," who must be identified Herbalife employees assigned a license on a non-temporary basis and designated using a method that incorporates the individual Herbalife employee's name.

22. Specifically, Clause 1.1 grants Herbalife the right to, in part, "use the Documentation and Software in executable form, solely for [Herbalife's] Internal Business Use by Named Users . . . according to the terms and conditions of [the SLA]."

23. "Internal Business Use" means "the right to Install and use the Products at the location, environment and solely in connection with the DSI specified on an Order and to access data in a one or more data sources in [Herbalife's] data warehouse or operational business systems." SLA Cl. 12.15.

24. A Named User is "one (1) identified employee" of Herbalife and a

Named User License as a license to use a Product under which only a Named User "may access the Product or reports or messages generated by the Product." SLA Cl. 12.18.

25. Each enabled user must be "designated using a method that incorporates the user's name (e.g., John T. Smith or jsmith)". *Id.*

26. Clause 1.3(a) explicitly prohibits Herbalife from using the Products in any manner or for any purpose not expressly authorized by the SLA.

27. Clause 10.2 authorizes MicroStrategy to conduct an on-premises audit of Herbalife's use of the Products "on ten (10) days' advance written notice once per year," and Herbalife is required to "cooperate with MicroStrategy with respect to any such audit."

28. 

29.

30.

31.

32.



35. These actions violate Clause 1.1 of the SLA.

36. Herbalife's actions also violate Clause 1.3(a) of the SLA, which makes clear that Herbalife may not—directly or indirectly—use the Products "in any manner or for any purpose not expressly authorized by this Agreement."

37. On May 24, 2022, MicroStrategy notified Herbalife of its intention to conduct an audit 10 days later, on June 3, 2022, pursuant to Clause 10.2 of the SLA.

In such communication, MicroStrategy outlined a seamless process for the audit and listed information needed for the audit.

38. Herbalife failed to allow the audit, instead attempting to require MicroStrategy to sign additional documents in violation of the SLA, and asking for the same information MicroStrategy already provided in the audit notice.

39. Herbalife also asked to defer the audit to some indeterminate time despite the SLA's requirement that MicroStrategy be allowed to audit on ten days' notice and Herbalife's contractual obligation to "cooperate with MicroStrategy with respect to any such audit," and the existing confidentiality provisions of the SLA.

40. Beyond suggesting that MicroStrategy might be able to conduct the audit at some point in the future, Herbalife has failed to provide details or confirmation for the commencement of the audit as of the date of this Complaint and instead continues to delay and obstruct MicroStrategy's audit rights.

### E. Herbalife Fails to Cure Its Breaches

41. On June 16, 2022, MicroStrategy sent a "Notice of Herbalife's Breaches of Material Provisions and 10-Day Period to Cure" to Herbalife, which explained in detail Herbalife's breaches.

42. This notice reminded Herbalife that in accordance with Clause 3.3 of the SLA, MicroStrategy was permitted to terminate the Governing Agreements and Herbalife's product licenses entirely as early as June 27, 2022 due to Herbalife's breach of Clause 1.1.

43. On June 21, 2022, Herbalife responded and stated that Herbalife would not be in a position to substantively respond to such notice by June 26, 2022 and would instead "endeavor" to respond by July 11, 2022.

44. Herbalife further stated that it intended to cooperate with MicroStrategy's audit request but, to date (as explained above), has failed to do so.

45. Since Herbalife failed to cure or otherwise settle the matter with MicroStrategy within 10 days of MicroStrategy's June 16, 2022 Notice,

1   MicroStrategy terminated the Governing Agreements and Herbalife's product
2   licenses on June 27, 2022, as MicroStrategy was entitled to do under Clause 3.3 of
3   the SLA.

4   46. Under Clause 3.4 of the SLA, termination does not relieve Herbalife of paying all fees that are owed or of its obligation to cooperate with MicroStrategy's audit rights which survive termination.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

47. MicroStrategy incorporates by reference all the allegations above.

48. The Governing Agreements are valid, enforceable, and binding.

49. MicroStrategy granted Herbalife a limited license for only the express purpose authorized in the Governing Agreements.

50. MicroStrategy has fully performed all conditions, covenants and promises to be performed on its part with regard to the Governing Agreements.

51. 

   a. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

      ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

      ii. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮s;

      iii. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

b. ███████████████████████████
███████████████████

c. ███████████████████████████
███████████████████

52. As a direct and proximate cause of Herbalife's breaches, MicroStrategy has suffered economic losses in an amount to be determined at trial but that exceed $75,000.

53. Even at a conservative estimate of Herbalife's current usage, using numbers provided by Herbalife, computing the amounts due MicroStrategy under the SLA would result in over $29 million due to MicroStrategy. MicroStrategy's damages likely exceed this amount.

54. MicroStrategy has complied with any and all conditions precedent to filing suit.

## PRAYER FOR RELIEF

WHEREFORE, MicroStrategy prays for the following relief:

1. For an order entering judgment that Herbalife has violated the terms of the Governing Agreements;

2. For an order awarding damages to MicroStrategy in an amount in excess of $75,000, once MicroStrategy determines the full extent of noncompliance;

3. For an award of injunctive relief enjoining Herbalife and all others acting in concert with it from using any of MicroStrategy's computer software products in violation of the Governing Agreements and without a written license;

4. For an award requiring Herbalife to provide an audit and a full accounting for all Product use and access during the term of the Governing Agreements;

5. For such other, further, or different relief as this Court may deem just and appropriate.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## **DEMAND FOR JURY TRIAL**

Plaintiff MicroStrategy Services Corporation hereby demands trial by jury for all causes of action, claims, or issues in this action that are triable as a matter of right to a jury.

**VENABLE LLP**

Dated: June 27, 2022                    By: /s/ Witt W. Chang

*Attorneys for Plaintiff*
*MicroStrategy Services Corporation*

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900